IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS RAY BOYD,<br><br>        Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, WARDEN OF MONTANA STATE PRISON;[1] AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA;<br><br>        Respondents. | Cause No. CV 21-74-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On June 14, 2021, state pro se petitioner Douglas Ray Boyd filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Boyd was subsequently ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted and was advised of the relevant legal standards. See, (Doc. 4.) Boyd timely responded and provided supplements to his response. See, (Docs. 5, 7, & 8.) For the reasons discussed herein, Boyd's petition should be dismissed.

---

[1] The caption is amended to reflect Warden Salmonsen as a proper respondent. Rule 2(a) of the Rules Governing § 2254 Cases provides, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

1

## I.     Background/Boyd's Claims

On December 16, 2015, Boyd was charged in Montana's Twenty-First Judicial District Ravalli County, with two counts each of the following: Sexual Intercourse without Consent; Sexual Assault; and, Sexual Abuse of Children. (Doc. 1-2 at 13-14.) The underlying criminal conduct was alleged to have occurred during tow separate time periods: between October 1, 2014 to June 1, 2015, and September 1, 2015 to November 1, 2015.  Represented by counsel, Boyd ultimately pled guilty via *Alford*,² to one count of Sexual Assault and one count of Sexual Abuse of Children.  See, (Doc. 1 at 2-3); see also, (Doc. 1-2 at 14.)  The district court found the *Alford* pleas were knowingly, voluntarily, and intelligently entered.  (Doc. 1-2 at 14.)

Written judgment was entered on November 22, 2016. *Id.* at 18. In its judgment, the district court observed the following:

> [T]his offense involved the Defendant, after relocating to Montana from California, posing as a young person on social media in an attempt to meet young girls.  Through that process the Defendant did make contact with the victim of this offense, who was then 13 to 14 years of age.  It's apparent from the facts of the case that he had the intention to sexually exploit her.  With that goal in mind, the Defendant groomed her over a period of time to break down her defenses and to normalize the sexualized behavior that he was grooming her to accept and this ultimately led to sexual encounters

---

² A plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), is a plea of guilty in which the defendant maintains his innocence.  See generally, *Alford*, 400 U.S. at 36; see also, *United States v. Crowell*, 374 F. 3d 790, 791 (9th Cir. 2004); *United States v. Mancinas-Flores*, 588 F. 3d 677, 681 (9th Cir. 2009).

2

>where he exploited her sexually.

*Id*. at 16-17. Boyd was committed to two concurrent 20-year prison sentences and his parole was restricted for the first 5-years of the sentence. *Id*. at 15.

Boyd acknowledges he did not appeal his conviction to the Montana Supreme Court, did not apply for review of his sentence with the Montana Sentence Review Division, did not file a petition for postconviction relief, and did not seek state habeas corpus relief. (Doc. 1 at 3-4.)

In the present matter, Boyd alleges (1) counsel provided ineffective assistance by failing to inquire about a forensic interview and/or failing to cross examine the victim, *id*. at 4; and (2) the statute used to prosecute him was not in effect during the corresponding time period of the alleged criminal conduct. *Id*. at 5.

## II. Analysis

Boyd was advised that his petition was filed outside of the federal statute of limitations by more than three years. (Doc. 4 at 3.) Additionally, he was informed that because he did not present or exhaust any of his present claims in the state court system, they now are procedurally defaulted. *Id*. at 4-6. Boyd was instructed on the showings he would need to make to excuse both his untimeliness and default. *Id.*

In his response, Boyd claims that following his sentencing hearing, he sent a

letter to trial counsel inquiring about filing an appeal, but that he never received a response. (Doc. 5 at 1.) Boyd asserts counsel's lack of communication and/or action on his behalf constitutes ineffective assistance under *Strickland v. Washington*.[3] *Id.* He also explains that he knew nothing about the laws of Montana and it was not until he started getting assistance in the prison library that he began to develop his claims. *Id.* He also states that an appellate defender advised him of a statute, Mont. Code Ann. § 46-16-607(1), which "clearly says that any and all inmates who have been sentenced under MCA § 45-5-502 and 45-5-503 were wrongfully convicted." *Id.* Boyd also likens his legal situation to Bill Cosby and asserts the Equal Protection clause of the Fourteenth Amendment warrants his release. See, (Doc. 7.)

Finally, Boyd claims that during the time period during which his criminal conduct was alleged to have occurred, he was suffering from physical health problems, which included having a total hip replacement in May of 2014, followed by a period of time in which he required the use of a walker. (Doc. 8.) He claims he was with his live-in girlfriend "24/7," but that he could not use her as an alibi in his criminal proceedings because she was dealing with her own child custody

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984), requires in order to prove an ineffective assistance of counsel claim, a petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

issues. *Id*. In October of 2015, Boyd indicates he was using a cane to walk and was awaiting back surgery. He also states that he had attendant nerve pain, which made it nearly impossible for him to get an erection. *Id*.

### i. Non-cognizable Claims

As a preliminary matter, Boyd references a provision the Montana Code of Criminal Procedure which deals with the jury's verdict and conviction of lesser included offenses, MCA § 46-16-607(1)(2015).[4] Boyd then cites to the statutes for Sexual Assault, MCA § 45-5-502, and Sexual Intercourse without Consent, MCA § 45-5-503. See e.g., (Doc. 1 at 7.) Boyd seems to believe that the lesser included offense statute means that his charges should have been reduced to misdemeanor Sexual Assault. See, (Doc. 1-2 at 1.)

The initial problem with Boyd's argument is that he did not go to trial, thus the code provisions dealing with the jury's verdict and jury instructions are inapplicable. Further, the Sexual Assault statute that was in effect at the time of Boyd's conduct provided: "[i]f the victim is less than 16 years old and the offender is 3 or more years older than the victim…the offender shall be punished by life imprisonment or by imprisonment in the state prison for a term of not less than 4 years…" MCA § 45-5-502(3) (2015). As set forth above, the victim of Boyd's

---

[4] This provision provides: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charge or an offense necessarily included in the offense charged."

5

offenses was less than 16 years old at the time the conduct occurred. Accordingly, this subsection of the statute was applicable to him and he was not entitled to be found guilty of a misdemeanor, despite his reference to the lesser included offense statute. Boyd's proposition to the contrary lacks merit.

But, putting all of that aside, a federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). " '[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). To the extent that Boyd asks this Court to interpret and apply state law to correct a perceived wrong, this is not a cognizable ground for relief in a federal habeas corpus proceeding. See, *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law"); *Estelle,* 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir.

1994) (generally federal habeas corpus relief unavailable for errors of state law). While Boyd may believe he has a valid statutory argument under Montana law, such belief does not create a viable federal constitutional claim.

### ii. Statute of Limitations

To the extent that Boyd believes this Court should equitably toll the statute of limitations, see e.g., *Holland*, 560 U.S. at 649, due to his lack of legal training and knowledge, such an argument is unavailing. The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); see also, *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009)(equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Additionally, normal prison limitations on law library access and materials does not warrant equitable tolling. See, *Ramirez v. Yates*, 571 F. 3d 993, 998 (9th Cir. 2009)("Ordinary prison limitations on Ramirez's access to the law library and copier…were neither 'extraordinary' nor made it impossible for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F. 3d 1144, 1146 (9th Cir. 2001)(recognizing that a lack of access to library materials does not automatically

qualify as grounds for equitable tolling.). Thus, Boyd has failed to show a basis which would entitle him to equitable tolling; his claims remain untimely.

### iii. Procedural Default

Boyd attempts to argue cause for the default of his claims based upon trial counsel's failure to inform him of his ability to file a direct appeal or to do so on his behalf. "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him…impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012)(citation omitted); *Coleman*, 501 U.S. at 753. While attorney ignorance or inadvertence cannot establish cause for a procedural default, "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]" *Coleman*, 501 U.S. at 753-54; see also *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). The ineffective assistance claim must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In other words, before a federal court may consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of the underlying

habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a proper manner in the state court system, such as in a petition for postconviction relief, including through the Montana Supreme Court. But, as set forth above, Boyd did not present any of his claims, in any manner, to the state courts. Thus, because the ineffective assistance of counsel claim was never properly exhausted in the state court system, it cannot serve as cause to excuse the default of Boyd's underlying habeas claims. The claims remain procedurally defaulted.

    **iv.**    **Actual Innocence**

A petitioner can overcome the procedural default of a claim, or a statute of limitations bar of a claim, by showing that he is actually innocent. See, *Schlup v. Delo*, 513 U.S. 298 (1995); see also, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To demonstrate actual innocence under *Schlup*, a petitioner must present "new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup*, 513 U.S. at 324. Taking into account all the evidence in the case, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). "Based on this total record, the court must make a 'probabilistic determination about what reasonable, properly instructed

9

jurors would do.;" *House v. Bell*, 547 U.S. 518, 538 (2006)(quoting *Schlup*, 513 U.S. at 329). "The Court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id*. Meeting this standard "raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional error," warranting "a review of the merits of the constitutional claims." *Schlup*, 513 U.S. at 317. This standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House*, 547 U.S. at 538.

In support of his claim of innocence, Boyd references his own medical records from 2014 to 2015 to suggest that he physically could not have engaged in the underlying criminal conduct. See generally, (Doc. 8-1.) The first problem with Boyd's claim is his evidence is not newly discovered for purposes of *Schlup*. The medical records are Boyd's own, of which he was well aware at the time of his change of plea and sentencing. Had he wished to, Boyd could have elected to proceed to trial and presented this information to the jury; he chose not to do so. But that decision does not convert the medical records into "new reliable evidence" all these years later.

In short, Boyd's evidence is not of the kind and character required to carry

10

the heavy burden under *Schlup*. Put another way, Boyd is unable to show that "in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Smith v. Baldwin*, 510 F. 3d 1127, 1140 (citing *Schlup,* 513 U.S. 298). Boyd has failed to meet the demanding showing required to establish actual innocence and, in turn, fails to excuse his procedural default and untimely filing.

### v. Conclusion

The claims contained in Boyd's petition are untimely and procedurally defaulted without excuse. Based upon Boyd's response and supplements to this Court's order, he has not demonstrated a valid basis to excuse his late filing or to set aside the procedural default. Accordingly, this matter should be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Boyd has not made a substantial showing that he was deprived of a constitutional right. He has failed to make a colorable claim of equitable tolling, to demonstrate the requisite cause and prejudice to set aside the procedural default, or to establish his actual innocence. Accordingly, his is petition is both procedurally defaulted and time barred. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED with prejudice.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Boyd may object to this Findings and Recommendation within 14 days.

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Boyd must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of November, 2021.

*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge