IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS RAY BOYD, | CV 21–74–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN OF MONTANA STATE PRISON, AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation. (Doc. 10.) Judge DeSoto recommends that Petitioner Douglas Ray Boyd's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be dismissed with prejudice as time-barred and procedurally defaulted. (Doc. 10 at 1, 12.) The Court agrees and will adopt Judge DeSoto's Findings and Recommendation in full.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear

error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Judge DeSoto's Findings and Recommendation notified Mr. Boyd of his right to object to her conclusions. (Doc. 10 at 12–13.)

Mr. Boyd has submitted several filings following the issuance of Judge DeSoto's Findings and Recommendation, but none directly address her conclusions regarding timeliness or procedural default. The first filing recounts "new" evidence regarding Mr. Boyd's underlying case, including issues he has with the victim's version of events and information he told his lawyer about who he believes actually committed the offenses. (Doc. 11.) In his second filing, Mr. Boyd reiterates he was prosecuted under an invalid state court statute. (Doc. 12.) Mr. Boyd's third and fourth filings are identical, and assert, for the first time that his alford plea was not entered knowingly, voluntarily, and intelligently. (Docs. 13–14.) None of these assertions affect Judge DeSoto's conclusions.

Consequently, even assuming Mr. Boyd's filings were sufficient to trigger *de novo* review, such review would compel the same result reach by Judge DeSoto. Mr. Boyd's petition indicates that neither of his claims were exhausted in state court, (Doc. 1 at 3–6), and he has not established either cause or prejudice to overcome the ensuing procedural default. *Cooper v. Neven*, 641 F.3d 322, 326–27

(9th Cir. 2011). Even if this were not the case (i.e. that Mr. Boyd's claims were exhausted or faced no procedural bar), they would still require dismissal on timeliness grounds because his petition was filed over three years after his underlying state court judgment became final and he has not established any basis for excusing this untimeliness. *See* 28 U.S.C. § 2244(d)(1).

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 10) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Boyd's petition (Doc. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because Mr. Boyd has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not disagree on any procedural ruling reached in this case.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 30th day of March, 2022.

_____
Dana L. Christensen, District Judge
United States District Court